UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ALISON DEVEREAUX-SMITH, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No. 3:24cv584 |
| FAREVA USA INC. | ) ) ) |
| *Defendant*. | ) ) |

## COMPLAINT

Alison Devereaux-Smith ("Devereaux-Smith") sues Fareva USA Inc. ("Fareva") for employment discrimination based on her sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

## Parties

1. Devereaux-Smith is a domiciliary and citizen of the Commonwealth of Virginia. She was an employee of Fareva at all times applicable to this Complaint.

2. Devereaux-Smith was an "employee" of Fareva within the meaning of 42 U.S.C. § 2000(e)(b).

3. Fareva is a Delaware Corporation that is authorized to do business in Virginia. Its principal office address is 589 Fifth Ave Ste 606 B, New York, New York 10017. Fareva can be served through its registered agent, CT Corporation System at 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060. Fareva is the parent of Fareva Richmond, Inc., a Virginia Corporation with its principal office address at 2248 Darbytown Road, Henrico, Virginia. Fareva is an "employer" as Title VII defines the terms, who employs more than 500 employees.

4. Fareva is an "employer" within the meaning of 42 U.S.C. § 2000(e)(b).

## Jurisdiction and Venue

5. The Court exercises subject matter jurisdiction over this Complaint pursuant to 42 U.S.C. §2000e-5(f)(3).

6. Venue is proper in this Court pursuant to 42 U.S.C. §2000e-5(f)(3).

## Exhaustion of Administrative Remedies

7. Devereaux-Smith filed her Charge of Discrimination alleging discrimination based on sex with the EEOC (Charge No. 438-2023-01979) on or about July 27, 2023. **Exhibit 1.**

8. The EEOC issued Devereaux-Smith her Right to Sue letter on May 21, 2024. **Exhibit 2.**

## Facts

9. On or about August 1, 2022, Fareva hired Devereaux-Smith as an Accounting Supervisor.

10. On or about December 2, 2022, Fareva's CFO directed all employees to use corporate credit cards only for travel related expenses.

11. On December 6, 2022, one of Devereaux-Smith's subordinates informed her that Harold Phillips ("Phillips"), a male co-worker had instructed an employee to use a corporate credit card to order office supplies, in contravention of the CFO's directive.

12. Devereaux-Smith, in her role as an accounting supervisor, contacted Charles Stringer, a superior of both her and Phillips, to ask for clarity on the credit card directive. Stringer informed her that Phillips had violated that directive, and that he would speak with Phillips about that violation.

13. Within an hour of her conversation with Stringer, Phillips entered Devereaux-Smith's office without her consent, aggressively approached her, and closed the door behind him.

14. Phillips aggressively asked Devereaux-Smith if she told Stringer about his violation of the credit card policy. Devereaux-Smith told Phillips not to speak with her in such an aggressive manner. In response, Phillips stepped forward, leaned over Devereaux-Smith's desk, put his face within two-to-three inches of hers, pointed in her face and said, "you're a fucking liar!"

15. As Phillips left her office, he again screamed that Devereaux-Smith was a "fucking liar." Shaken, Devereaux-Smith messaged Stringer to inform him that she did not feel safe and that she would need to work from home for the rest of the day.

16. Given Phillips' behavior, and the fact that this was not the first time he had acted aggressively toward Devereaux-Smith or other female employees, Devereaux-Smith worked the following day with her door locked and her heart pounding.

17. Days later, on December 12, Phillips, Devereaux-Smith, human resources employee Tammi Widder, and Stringer attended a meeting.

18. Devereaux-Smith was told that the meeting was "just a discussion" and that there was "no need to prepare anything."

19. Prior to the meeting Stringer told Devereaux-Smith, "You know he's going to try to push your buttons., Don't let him. Don't react and don't get upset."

20. During the meeting, Devereaux-Smith explained what happened on December 6. In response, Phillips told a fabricated story of him politely asking to speak with Devereaux-Smith, only for her to throw things at him and chase him out of her office.

21. During the meeting, Phillips stated, "are you going to fire this woman or are you going to discriminate against me because I'm a white man?"

22. During the meeting, Phillips also stated, "I will not allow this woman to talk to me this way."

23. Phillips had previously made demeaning remarks to women at Fareva.

24. Fareva was aware of these remarks.

25. During the meeting, Widder asked Devereaux-Smith if she spoke to a therapist or counselor. However, neither Widder nor anyone else at Fereva asked similar questions of Phillips.

26. At the conclusion of the meeting, Witter informed Devereaux-Smith that there would be "disciplinary measures for you both."

27. The head of Human Resources at Fareva, Richard Wong, regularly golfs with Phillips.

28. Within hours of the meeting's conclusion, Devereaux-Smith was dismissed from Fareva.

29. Despite being similarly situated, Phillips received no disciplinary actions as a result of his interactions with Devereaux-Smith.

## COUNT I
## Violation of Title VII Against Fareva
## For Terminating Devereaux due to her Sex

30. Devereaux repeats the factual allegations in ¶¶ 1-18 above as if they are stated in full.

31. 42 U.S.C §2000e-2(a)(1) makes it an unlawful employment practice for an employer . . . to discharge any individual because of such individual's . . . sex."

32. Fareva terminated Deveraux-Smith, a female employee, after she complained about harassment at the hands of Phillips, a male employee.

33. Phillips was not disciplined at all.

34. Fareva employees treated Deveraux-Smith differently because of her sex.

35. To make out a prima facie showing of discriminatory firing by indirect evidence, Harris must show: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was at the time performing her job duties at a level that met her employer's legitimate expectations; and (4) the position remained open or was filled by a similarly qualified applicant outside the protected class. *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005).

36. Devereaux-Smith is a female. She is a member of a protected class.

37. Devereaux-Smith was fired from her employment on December 12, 2022. Her firing was an adverse employment action.

38. Devereaux-Smith was performing her job duties at a level that met Fareva's legitimate expectations. Deveraux-Smith received no disciplinary action prior to her firing.

39. Phillips, a male, remained in his role despite the accusations that he assaulted Devereaux-Smith and despite similar accusations from other women.

40. Fareva retaliated against Devereaux-Smith for filing a complaint against Phillips.

41. Fareva's firing Devereaux-Smith while taking no action against Phillips is disparate treatment in violation of Title VII.

**WHEREFORE**, Devereaux respectfully requests that this Court enter judgment against Defendant Fareva for damages, as follows:

42. A declaration that Fareva's firing Devereaux violated 42 U.S.C §2000e-2(a)(1) and an injunction enjoining further violations by Fareva and requiring Fareva to reinstate Devereaux, all pursuant to 42 U.S.C §2000e-5(g)(1).

43. Lost wage damages of $154,300 comprising of $88,000 per year with 5% annual bonus starting on December 12, 2022, until Devereaux-Smith regained employment in August 2024 pursuant to 42 U.S.C §2000e-5(g)(1).

44. Compensatory and punitive damages of $350,000 pursuant to 42 U.S.C §2000e-5(g)(1).

45. An award of her costs and attorney's fees, and reimbursement for expert witness expenses, pursuant to 42 U.S.C §2000e-5(k).

46. Awarding such other and further relief as this Court deems appropriate.

## Jury Demand

47. The plaintiff demands trial by jury on all issues so triable.

**ALISON DEVEREAUX-SMITH**

By: /s/ C. Stephen Setliff

C. Stephen Setliff (VSB 27882)
Mitchell Goldstein (VSB 40613)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: (804) 337-1260
Facsimile: (804) 377-1280
ssetliff@setlifflaw.com
mgoldstein@setlifflaw.com
*Counsel for Plaintiff*